HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OCTAVIER CEDRIC BUSHNELL, | CASE NO. 12-CV-05249-RBL |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |
| v. | |
| CAROLYN W. COLVIN, | (Dkt. #22) |
| Acting Commissioner of Social Security. | |

Following a favorable judgment, Plaintiff has moved for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  For the reasons stated below, the motion is GRANTED with respect to the $627.40 from district court time, and the 15 hours in administrative proceedings occurring after remand.

## I.    FACTS

Plaintiff applied for disability benefits and was denied. He filed for reconsideration, and his claim was again denied. (Dkt. #4 at 2). Plaintiff then filed a second claim and requested a hearing on the first claim. (Dkt. #27 at 4). After the hearing, the Administrative Law Judge denied disability benefits.

1    Plaintiff requested review by the Appeals Council, which declined to review the ALJ's

2 decision. Plaintiff filed a complaint with this Court, which granted a remand hearing on the first

3 claim, rendering the pending second claim moot. On May 24, 2012, this Court remanded the case

4 to the ALJ under sentence six of the Social Security Act, 42 U.S.C. § 405(g). On remand, the

5 ALJ found that Plaintiff was entitled to benefits. This Court then entered judgment affirming the

6 Commissioner's final decision. Plaintiff now moves to recover attorney's fees regarding **both**

7 claims in the amount of $4,571.85.[1]

8                                          **II.     DISCUSSION**

9    In most cases, a plaintiff is eligible to receive attorney's fees only for work done in

10 federal court. 28 U.S.C. § 2412(d). A plaintiff can recover attorney's fees accrued in

11 administrative proceedings, however, when such proceedings are pursuant to a district court's

12 remand under sentence six of the Social Security Act. *Sullivan v. Hudson*, 490 U.S. 877, 892

13 (1989); *see also Shalala v. Schaefer*, 509 U.S. 292 (1993). This is because the district court

14 retains jurisdiction over the case during a sentence six remand, making the administrative

15 proceedings "an integral part of the civil action for judicial review." *Sullivan*, 490 U.S. at 892.

16 Accordingly, a plaintiff is eligible to receive attorney's fees accrued during administrative

17 proceedings occurring after the district court has remanded the case. *See id.*

18    The parties agree that Plaintiff is entitled to attorney's fees accrued in district court in the

19 amount of $627.40. Pl.'s Time Itemization, Dkt #22-3.

20    Plaintiff argues, however, that he is entitled to attorney's fees accrued in 6.4 hours of

21 administrative proceedings occurring before the first claim was remanded to the ALJ, when he

22 was working on the second claim. Plaintiff claims the work on the second claim was "necessary"

23 ────────────────

[1]This amount includes federal district court time in the amount of $627.40 and time in administrative
24 proceedings the amount of $3,944.45. Plaintiff's Time Itemization, Dkt. #22-3.

to his overall claim for benefits. (Dkt. #29 at 2). Defendant argues that Plaintiff is eligible to receive attorney's fees accrued only in administrative proceedings *after* the first claim was remanded, which does not include the 6.4 hours.

Defendant is correct. The 6.4 hours of administrative proceedings occurred before this Court remanded the case. Because the 6.4 hours of work arises from separate claim for benefits, it is not "an integral part of the civil action" on which Plaintiff prevailed. Thus, Plaintiff cannot receive attorney's fees for the disputed 6.4 hours.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees is **GRANTED** (Dkt. #22) with respect to the $627.40 from district court time and the 15 hours in administrative proceedings occurring after the date of remand.

Dated this 30th day of May, 2013.


RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

(DKT. #22) - 3